PER CURIAM.
This cause is before us on appeal of nonfinal agency action under Section 120.-68(1), Florida Statutes. The Board of Medicine (the Board) seeks to institute disciplinary proceedings against appellant for alleged professional violations occurring while appellant was serving with the United States Army. Appellant seeks to prohibit the Board from proceeding further on grounds that the Board is without jurisdiction due to lack of statutory authority.
Under Section 458.303, Florida Statutes (1987), several classes of individuals are exempt from the Board’s otherwise broad regulatory powers. One of those classes is “commissioned medical officers of the armed forces of the United States and of the public health service of the United States while on active duty.” § 458.303(l)(c), Fla. Stat. (1987). The Board argues that this provision is only a temporary stay, preventing disciplinary action while appellant was on active duty but permitting action once active service came to an end. Appellant argues that the clause operates as a permanent exemption, not a temporary stay.
It is a settled principle of law that an administrative agency’s construction of a statute it is charged with enforcing is entitled to substantial deference. Accordingly, courts will decline to overturn that construction except for the most cogent reasons, or unless clearly erroneous, unreasonable, or in conflict with some provision of the State’s Constitution or the plain intent of the statute. Palm Beach Junior College v. United Faculty, etc., 425 So.2d 133 (Fla. 1st DCA 1982), modified, 475 So.2d 1221 (Fla.1985). We do not construe Section 458.303(l)(c), Florida Statutes (1987), to preclude the Board from initiating disciplinary action for conduct occurring during military service, once that military service has come to an end.
AFFIRMED.
BOOTH, JOANOS and MINER, JJ., concur.